IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS THOMPSON, # B-67474,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs.  ) | Case No. 13-cv-333-GPM |
| ) | |
| **J. TOURVILLE, K. CRISS,** ) | |
| **RICHARD HARRINGTON,** ) | |
| **S.A. GODINEZ, and GAIL WALLS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), is serving a life sentence for murder. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a First Amended Complaint (Doc. 11), which is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.

### The Complaint

In the amended complaint, Plaintiff claims that he had a medical permit to be "double-cuffed"—that is, for guards to use two sets of handcuffs linked together to reduce the strain on Plaintiff's arms and shoulders when securing his hands behind his back. He was given this permit because he has shoulder and degenerative cervical spine arthritis, and is grossly obese (Doc. 11, p. 6). On June 3, 2012, Plaintiff and other inmates were out of their cells and lined up for lunch, when a disturbance took place in another area of the prison (Doc. 11, p. 6). After about 30 minutes, during which Plaintiff and the prisoners in his unit had followed orders to sit on the ground, they were told to cuff up (Doc. 11, p. 6). Plaintiff told Defendant Tourville, a

correctional officer, that he had a medical double-cuff permit (Doc. 11, p. 6). Defendant Tourville, however, forced Plaintiff's arms behind his back into a single set of handcuffs, telling him "we're just taking you right back in the cell house" (Doc. 11, p. 6). Plaintiff observed other officers nearby with multiple sets of handcuffs which could have been used to comply with the medical permit (Doc. 11, p. 6). In fact, several other inmates had their double-cuff permits honored by officers at the same time that Plaintiff's was ignored (Doc. 11, p. 6). Plaintiff reasons that there was no excuse not to follow his permit, because the disturbance was over at the time Defendant Tourville cuffed him (Doc. 11, p. 6). This incident injured Plaintiff's neck and caused "excruciating" pain and limited mobility in his neck and shoulder (Doc. 11, p. 6).

Four days later, on June 7, 2012, Plaintiff was called to see Defendant Criss, a nurse practitioner at Menard (Doc. 11, p. 7). Plaintiff thought this was in response to his sick call request for his neck and shoulder injuries (Doc. 11, p. 7). Instead, Defendant Criss offered only follow-up treatment for an infected cyst (Doc. 11, p. 7). As a result, Plaintiff did not receive any medical attention for the new injuries for 12 days (Doc. 11, p. 7). Because of the handcuff injuries, Plaintiff's medical permit was later changed to direct staff to cuff his hands in front of his body (Doc. 11, p. 9).

The final incident occurred on December 28, 2012, when Plaintiff discarded some legal documents from his other pending suit in this district, which involves Menard staff (Case No. 12-cv-770-JPG-PMF) (Doc. 11, p. 8). Inmates do not have waste receptacles in their cells, so the usual procedure is for the inmates to place the items that they wish to dispose of in the bars of their cell to be picked up by workers on the next "garbage run" (Doc. 11, pp. 8, 9). Plaintiff rolled up the legal papers and inserted them into an empty tissue roll, which was also trash, and placed them in the bars of his cell (Doc. 11, p. 8). Later, when Plaintiff returned from lunch, he

saw his three pages of his legal papers spread out on the sergeant's desk where they could be seen by staff and inmates (Doc. 11, p. 8).  Plaintiff did not want information about his lawsuit publicly known (Doc. 11, p. 8).  He confronted Defendant Tourville, who admitted that he picked up the papers (Doc. 11, p. 8).  Plaintiff asked for his papers back, however, they were not returned, and Plaintiff saw the papers still on the desk several hours later (Doc. 11, p. 8). Plaintiff contends that Defendant Tourville took the legal papers and put them on display in retaliation for Plaintiff's grievance against him over the handcuff incident (Doc. 11, p. 8).  He also claims Defendant Tourville's actions violated his Sixth Amendment "right to privileged legal material" (Doc. 11, p. 8).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action:

**Count 1:**  Excessive force claim against Defendant Tourville for forcing Plaintiff into a single set of handcuffs;

**Count 2:**  Deliberate indifference to medical needs claim against Defendant Tourville for disregarding Plaintiff's medical double-cuff permit;

**Count 3:**  Deliberate indifference to medical needs claim against Defendant Criss for denying and delaying treatment of Plaintiff's injuries from the handcuff incident; and

**Count 4:**  Retaliation claim against Defendant Tourville for taking and publicizing Plaintiff's legal documents.

However, Plaintiff's allegations against Defendant Tourville for a violation of the Sixth Amendment (**Count 5**) fails to state a constitutional claim upon which relief may be granted, and

shall be dismissed. Likewise, Plaintiff's allegations against Defendants Godinez, Harrington, and Walls fail to state a claim upon which relief may be granted, and shall also be dismissed.

**Count 5**

Although Plaintiff's retaliation claim against Defendant Tourville survives § 1915A threshold review, the Court cannot discern any plausible Sixth Amendment claim based on the conduct of taking and publicizing Plaintiff's legal documents. The Sixth Amendment reads:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. CONST. amend. VI. The rights guaranteed in the Sixth Amendment apply to criminal prosecutions, not to civil actions such as Plaintiff's case to which the pilfered legal documents related. Plaintiff may be referencing the privilege of confidential communications between lawyer and client; however, no such privilege exists in this situation because Plaintiff is representing himself.

Looking beyond the Sixth Amendment, a prisoner has no Fourth Amendment expectation of privacy in his prison cell or its contents. "The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Accordingly, Count 5 shall be dismissed with prejudice.

**Defendant Godinez**

Plaintiff claims that Defendant Godinez, the director of the Illinois Department of Corrections, should be liable for the injuries Plaintiff sustained when Defendant Tourville failed

to honor his medical permit because he failed to properly train subordinate prison employees (Doc. 11, p. 9). This claim is just another way of seeking to hold Defendant Godinez vicariously liable as a supervisor. However, "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Defendant Godinez had no personal involvement in the incidents that gave rise to Plaintiff's claims, thus he shall be dismissed from the action with prejudice.

**Defendants Harrington and Walls**

Plaintiff states that the only reason he included Defendants Harrington and Walls in the complaint was to obtain their assistance in locating Defendant Criss (who no longer works at Menard) for service of process (Doc. 11, p. 9). He does not allege that these Defendants violated any of his constitutional rights, nor does he seek damages from them. It is not necessary for Defendants Harrington or Walls to be included as parties in order for the Court to effect service on Defendant Criss. Accordingly, Defendants Harrington and Walls shall also be dismissed from this action.

**Pending Motion**

Plaintiff's motion to appoint counsel, construed as a motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

**Disposition**

**COUNT 5** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendants **HARRINGTON, WALLS,** and **GODINEZ** are **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **TOURVILLE** and **CRISS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate

Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  May 29, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
