IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-333-NJR-DGW |
| | ) | |
| J. TOURVILLE and K. CRISS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are a number of motions filed by Plaintiff:

1. Motion for Issuance of a Subpoena, filed on February 6, 2014 (Doc. 52)

2. Motion for Leave to Conduct Additional Discovery, filed on February 10, 2014 (Doc. 57)

3. Motion to Compel Discovery, filed on February 27, 2014 (Doc. 67)

4. Motion to Compel Appropriate Services, filed on March 28, 2014 (Doc. 78)

5. Motion for Leave to File Second Amended Complaint, filed on April 21, 2014 (Doc. 86)

**Motion for Issuance of a Subpoena (Doc. 52)**

In this Motion, Plaintiff seeks an Order of this Court issuing a subpoena to the Warden of Menard Correctional Center to obtain his clothing records. Plaintiff asserts that the purpose of his Motion is to establish that he is provided a large jumpsuit, and will demonstrate it is obvious he needs to be double cuffed. The Clerk must issue subpoenas on a request of a party. FED. R. CIV. P. 45(a)(3). However, the Court has an obligation to protect persons subject to a subpoena and

may preview subpoenas in order to ensure that the Court's subpoena power is not being abused. FED. R. CIV. P. 26(b)(2)(C), 45(c); *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996). As such, this Motion is **GRANTED IN PART**, and the Clerk is **DIRECTED** to provide Plaintiff with the requested number (1) of subpoena forms, blank and unsigned. Plaintiff shall complete the forms and submit them to the Court for review. Plaintiff shall take appropriate steps to avoid imposing undue burden or expense on a person subject to subpoena and shall restrict his requests to information that is relevant to the claims or defenses.

### Motion for Leave to Conduct Additional Discovery (Doc. 57)

Plaintiff seeks leave of Court to serve an additional 15 interrogatories on Defendant Tourville in the event that the Court granted Defendant Tourville's Motion to Amend his Answer (Doc. 55). The Court notes that, on February 19, 2014, Defendant Tourville was granted leave to file an amended answer (Doc. 61), which was filed thereafter (Doc. 62).

Rule 33 limits the number of interrogatories a party may serve without leave of court or written stipulation. FED. R. CIV. P. 33(a) ("Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts[.]"). However, Rule 33 also deems that "leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)[.]" *Id.* Rule 26(b)(2) states: "By order, the court may alter the limits in these rules on the number of depositions and interrogatories[.]" Fed. R. Civ. P. 26(b)(2). Because of Plaintiff's pro se status, and his request to serve interrogatories tailored to Defendant's Amended Answer, the Court is inclined to grant his request for additional interrogatories. As such, Plaintiff's request to serve 15 additional interrogatories on Defendant Tourville is **GRANTED**. Plaintiff **SHALL** serve up to 15 additional interrogatories by **July 28, 2014**.

**Motion to Compel Discovery (Doc. 67)**

In this Motion, Plaintiff seeks to overrule Defendant Criss' objections to Interrogatory 11 and Interrogatory 19. Defendant filed a Response to Plaintiff's Motion to Compel (Doc. 72). The Court's rulings on these interrogatories are detailed below.

*Interrogatory 11*

In this Interrogatory, Plaintiff states that his question is "if PL would have been treated/given drugs by you to treat his cuffing injury on 6/7/12 then attempted to get more treatment and drugs from the doctor on 6/14/12 the Doctor would have easily [f]ound out PL had a preexisting prescription and been required to write PL a disciplinary report correct." Defendant objected on the basis that this Interrogatory is vague, compound, and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff asserts that it is relevant because it provides support for his contention that Defendant did not treat Plaintiff on June 7, 2012. In Defendant's Response to Plaintiff's Motion, she argued that this interrogatory is irrelevant in that it focuses on matters unrelated to Plaintiff's lawsuit and, is speculative in nature, as Plaintiff is asking Defendant to speculate on Dr. Nwaobasi's logic behind his course of medical treatment. The Court agrees with Defendant that this request is irrelevant and speculative inasmuch as it requires Defendant to speculate as to the logic and reasoning behind another doctor's medical treatment. Therefore, Plaintiff's Motion to Compel as to Interrogatory 11 is **DENIED**.

*Interrogatory 19*

In this Interrogatory, Plaintiff states "[d]uring Lock Downs when Nurse Practitioners and Doctors do have to tour the cell houses to conduct F/u or referral exams/treatment they have to carry inmate medical charts, medical equipment, walk quite some distances from cell house to cell

house as oppose to inmates being escorted to the Health Care Unit by Security Staff which entails more work for a Nurse practitioner and/or Doctor Correct."  Defendant objected on the basis that this Interrogatory is vague, compound, and is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff asserts that it is relevant in that it relates to Defendant being agitated and unwilling to treat Plaintiff on June 7, 2012 because she had to walk to Plaintiff's cell.  In Response, Defendant asserts that whether or not prison medical staff has to visit inmates in cell houses during lockdown does not make any of Plaintiff's claims more or less probable.  Further, Defendant argues that this request is insufficient as it relates to motive because the request does not provide insight into whether Plaintiff suffered a serious medical condition or whether he suffered substantial harm.  Although the Court takes note of Defendant's objections, the Court finds that insofar as this Interrogatory seeks to determine whether nurse practitioners and physicians have to tour prison cell houses to conduct follow-up or referral exams during prison lockdowns, it may be relevant.  As such, Plaintiff's Motion to Compel as to Interrogatory 19 is **GRANTED IN PART and DENIED IN PART**.  Defendant Criss **SHALL** file a response to this Interrogatory within **thirty (30) days** of this Order, **only as to whether nurse practitioners and physicians have to tour prison cell houses to conduct follow-up or referral exams during prison lockdowns.**

### Motion to Compel Appropriate Services (Doc. 78)

In this Motion, Plaintiff seeks an Order of this Court compelling Defendant Criss to mark her correspondences "legal" or "privileged," as Plaintiff alleges that Defendant's Response to his Motion for Summary Judgment (Docs. 70 and 71) was likely delivered as "regular mail," which can take some time to sort and receive.  Plaintiff claims he is handicapped if Defendant Criss sends correspondence through regular mail because he cannot file timely replies and conduct

research in order to ensure he is filing an appropriate response. Defendant Criss filed a Response to Plaintiff's Motion (Doc. 82), indicating that she inadvertently failed to put "legal mail" on her Response to Plaintiff's Motion for Summary Judgment. However, Defendant indicates that she will mark any future correspondence as "legal mail." As such, the issue Plaintiff mentions in his Motion appears to be resolved, and his Motion is **DENIED AS MOOT**.

### Motion for Leave to File Second Amended Complaint (Doc. 86)

Pursuant to the Court's merit review, Plaintiff is proceeding against Defendant Criss on a claim for deliberate indifference to his medical needs (Doc. 12). In this Motion, Plaintiff seeks to add an additional count (Count 5) to his Complaint against Defendant Criss for providing treatment she knew would be ineffective to treat Plaintiff's alleged cuffing injury. In brief, Plaintiff alleges that on June 7, 2012, Defendant Criss issued Plaintiff a 24-pack of 200 milligrams of Motrin for pain caused by muscle spasms due to his cuffing injury. Plaintiff claims that Defendant Criss knew this amount of pain medication would be ineffective in treating this condition. Plaintiff contends that this claim is separate and additional to his current claim against Defendant Criss because his current claim is based on Defendant's *refusal* to treat injuries related to the handcuffing incident, rather than Defendant's provision of *ineffective* treatment.

Defendant Criss responded to Plaintiff's Motion to Amend (Doc. 91), arguing that it should be denied because it is repetitive and fails to state any new or different claim upon which relief can be granted. Specifically, Defendant argues that the additional count Plaintiff seeks to add is redundant, as it merely asserts the same claim that is already pending against Defendant Criss for deliberate indifference to medical needs. Plaintiff filed a reply to Defendant's response arguing that the new claim he seeks to add is not redundant and he should be allowed to proceed on multiple counts of deliberate indifference against this Defendant (Doc. 92).

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading shall be freely given when justice so requires. *See Brunt v. Service Employees Intern. Union*, 284 F.3d 715, 720 (7th Cir. 2002). However, the right to amend a pleading is not absolute and is appropriately denied when, among other reasons, the amendment would be futile. *Id.* An amendment may be futile when the amended complaint fails to state a new claim. *See 188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730 (7th Cir. 2002); *Archer Daniels Midland Co. v. Hartford Fire Ins. Co.*, 243 F.3d 369 (7th Cir. 2001).

Plaintiff's proposed second amended complaint seeks to add an additional count (Count 5) against Defendant Criss for providing ineffective treatment for Plaintiff's alleged handcuffing injury. Such a claim relates to Defendant's treatment of his handcuffing injury and supports Plaintiff's argument that Defendant was deliberately indifferent to his medical needs. However, Plaintiff is already proceeding against Defendant Criss on a count of deliberate indifference to his medical needs (Count 3). As such, Count 5 does not state an additional claim against Defendant Criss, but rather, raises new arguments to support Plaintiff's deliberate indifference claim that has already been brought against Defendant. Therefore, Plaintiff's Motion for Leave to File a Seconded Amended Complaint is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 10, 2014**

                                          **DONALD G. WILKERSON**
                                          **United States Magistrate Judge**