IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 13-CV-333 -NJR-DGW |
| JOHN TOURVILLE and KIMBERLEY CRISS, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Before the Court is Plaintiff Dennis Thompson's "Motion for Reconsideration of the Court Granting Defendant's Tourville and Defendant Criss's Motions for Summary Judgment" (Doc. 153) filed on April 16, 2015. Defendants did not file a response. For the reasons set forth below, the Court denies Plaintiff's Motion.

## BACKGROUND

Plaintiff is an inmate currently incarcerated at Menard Correctional Center ("Menard"). On April 3, 2013, Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by Defendants John Tourville, a correctional officer, and Kimberley Criss, a nurse practitioner. Specifically, Plaintiff alleged that he was injured after being improperly single-cuffed by Defendant Tourville and, subsequently, Defendant Criss failed to adequately treat his injuries. Plaintiff further alleged that Defendant Tourville retaliated against him for filing grievances by placing his legal documents in plain view of staff and other inmates.

On August 11, 2014, Defendant Criss filed a Motion for Summary Judgment (Doc. 106). Defendant Tourville filed his Motion for Summary Judgment on September 10, 2014 (Doc. 120). Plaintiff filed a timely response to Defendant Criss's Motion (Docs. 112 and 117), as well as to Defendant Tourville's Motion (Doc. 139). On March 30, 2015, the Court granted summary judgment in favor of Defendants (Doc. 151), and Judgment was entered (Doc. 152). Plaintiff filed his Motion for Reconsideration (Doc. 153) on April 16, 2015. Plaintiff also filed two Motions to Supplement (Docs. 154 and 155) on April 23, 2015, and May 15, 2015.

## LEGAL STANDARD

"Once judgment has been entered, there is a presumption that the case is finished, and the burden is on the party who wants to upset that judgment to show the court that there is good reason to set it aside." *Hecker v. Deere & Co.,* 556 F.3d 575, 591 (7th Cir.2009). Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby,* 34 F.3d 533, 535 (7th Cir.1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir.1992).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir.2012) (quoting *Harrington v. City of Chicago,* 433

F.3d 542, 546 (7th Cir.2006)). The rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996). But such motions are not appropriate vehicles for re-litigating arguments that the district court previously rejected or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Sigworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir.2007).

On the other hand, Rule 60(b) permits a court to grant relief from judgment for the specific grounds listed in the rule. *Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001); Fed.R.Civ.P. 60(b). It does not authorize action in response to general pleas for relief. *Talano*, 273 F.3d at 762. Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir.2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir.1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir.2000).

## **DISCUSSION**

Plaintiff contends the Court erred in granting summary judgment to Defendants Tourville and Criss. More specifically, Plaintiff asserts the Court: (1) incorrectly found that Defendant Tourville did not know and appreciate the extent of Plaintiff's medical

condition for having the multi-cuff permit; (2) incorrectly determined that the force utilized by Defendant Tourville was *de minimis*; (3) was incorrect in its factual background as to why Plaintiff was issued a multi-cuff permit; (4) incorrectly labeled the pain and muscle spasms as re-aggravation of a previous medical condition; (5) erred in its factual finding that Plaintiff failed to put forth evidence that he told Defendant Criss he was in severe pain; and (6) incorrectly assessed the evidence against Plaintiff. (Doc. 153).

Plaintiff's arguments fall short of the standard for relief under Rule 59(e). A "manifest error" is not demonstrated by the disappointment of the losing party. *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill.1997). Rather, it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* Here, Plaintiff simply takes exception with the Court's analysis of the evidence and its ruling–rehashing arguments previously rejected by the Court. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (Reconsideration is not an appropriate forum for rehashing previously rejected arguments). Moreover, Plaintiff's arguments– then and now–do not support a conclusion that Defendants' actions violated Plaintiff's constitutional rights.

Even if the Court considered Plaintiff's Motion under Rule 60(b), it would still be denied. Plaintiff has not shown any exceptional circumstances that warrant relief under Rule 60(b). Rather, Plaintiff suggests the Court made mistakes of law and fact, and he adamantly disagrees with this Court's analysis. Plaintiff's contention that the Court committed legal error by granting summary judgment, however, may not be raised in a

Rule 60(b) motion. The proper forum for challenging the Court's legal rulings is an appeal, not a motion for relief from judgment. *See Parke–Chapley Construction Co. v. Cherrington,* 865 F.2d 907, 915 (7th Cir.1989). Accordingly, Plaintiff has failed to present any arguments warranting relief from judgment.

## CONCLUSION

Plaintiff has not demonstrated any grounds for relief under Rule 59(e) or Rule 60(b). Upon review of the record, the Court remains persuaded that its ruling granting summary judgment to Defendants John Tourville and Kimberley Criss was correct. Therefore, for the reasons set forth above, Plaintiff's Motion for Reconsideration (Doc. 153) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  June 17, 2015**

    s/ Nancy J. Rosenstengel\_\_\_\_
    **NANCY J. ROSENSTENGEL**
    **United States District Judge**